UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                              CASE NO. 14-32819-BKC-JKO
                                                                    CHAPTER 7
US CAPITAL/FASHION MALL, LLC,                (Jointly Administered)
et al.,

     Debtors.
_____/

KENNETH A. WELT, Chapter 7 Trustee of
the estates of the Debtors,

     Plaintiff,

v.                                                                  ADV. NO. 16-01554-JKO-BKC-A

US SILVER SEAS HOLDINGS, LLC,
a Florida Limited Liability Company,

     Defendant.
_____/

**VERIFIED RESPONSE OF GRACE HE TO COMPLAINT TO
AVOID AND RECOVER AVOIDABLE TRANSFERS AND FOR DAMAGES**

     Grace He, through undersigned counsel, hereby files this response to note on the record her personal objection to the facts alleged in the Complaint (Doc. No. 1) filed by the Trustee, Ken Welt, and states:

     1.     Qianfei (Grace) He is a member and manager of U.S. Silver Seas Holdings, LLC ("Silver Seas"), which owns U.S. Prosperity Holdings, LLC ("Holdings").

     2.     Holdings is the manager of U.S. Prosperity Regional Center, LLC who has an United States Citizenship and Immigration Services approved EB-5 regional center named U.S. Prosperity Regional Center, approved on July 2013. U.S. Prosperity Regional Center is now know as Prosperity Regional Center, LLC ("Regional Center").

3.     Both Silver Seas and Regional Center are defendants in lawsuits filed by the Trustee, Ken Welt. (Case Nos. 16-01554-JKO-BKC-A and 16-01556-JKO-BKC-A, respectively).

4.     Silver Seas, Holdings, and Regional Center were created to facilitate the acceptance of EB-5 investments that would have been applied toward the construction of the Office Tower renovation of the former Fashion Mall (the "Project"). Neither Silver Seas nor Regional Center solicited investors for the Project, but Regional Center would instead facilitate holding any invested funds in escrow pending the investors' immigration approval.

5.     Only two investors deposited funds under escrow for the Project, each in separate $500,000 increments. Due to the chapter 7 bankruptcies and sale of the Project to a third party buyer, there is no longer an EB-5 investment opportunity for those investors and their immigration applications are now aborted. To date, however, none of the funds held in escrow have been released back to these two investors because the Trustee has not authorized such release of their funds.

6.     Mrs. He files this response to the Complaint, as her name is specifically referenced therein, and so the Court is aware that both Silver Seas and Regional Center existed and operated solely to benefit the Project, and therefore benefit the debtors that are currently being administered by the Trustee.

7.     Due to the bankruptcies and sale of the Project, and the resulting lack of solicitation by the debtors of EB-5 investors, neither Silver Seas nor Regional Center have ongoing operations. Therefore, neither entity can afford to defend against the Complaints filed

by the Trustee and neither have meaningful assets to defend.[1]  Therefore, Mrs. He does not believe Silver Seas or Regional Center will be defending against the Complaint.

8.  Mrs. He, however, does not wish the record to stand as stated by the Trustee without stating her disagreement and dispute with the alleged facts, as well as noting the status of the escrow deposits to the Court.  Therefore, while Mrs. He has other disputes, she notes the specific issues below related to the Complaints.

9.  Mrs. He does not believe this response is a responsive pleading by either Silver Seas or Regional Center.

10.  First, the Trustee's statements regarding ownership of Silver Seas and Regional Center are not complete or fully accurate.  The ownership structure at issue is as follows:

   a. Silver Seas, Prosperity Holdings, and Regional Center were formed in March 2011.
   b. Since March 2011, Zhe (Jerry) Jiang has been the manager of Holdings, and Silver Seas has been the sole member of Holdings.
   c. Holdings has been the sole manager of Regional Center.
   d. In March 2014, Mrs. He was added as an additional manager of Holdings.
   e. Mrs. He is the sole member and manager of Silver Seas.

11.  The Complaint alleges that "He signed the Schedules and Statement of Financial Affairs of Mapuche . . . under penalty of perjury and as its authorized representative."  This statement is misleading because Mrs. He signing the Schedules was the equivalent of verifying that the debtors' were prepared in accordance with and based upon the debtors' books and records to the best of her knowledge and belief.  Mrs. He was not verifying the accuracy of the debtors' accounting records, did not undertake such an analysis, did not review all supporting back up documents from which those accounting records were derived, and does not have an

---

[1] The funds held in escrow are the rightful property of the investors, not Silver Seas or Regional Center.

accounting background sufficient to undertake such an analysis. Therefore, Mrs. He signed the Schedules based on the fact that, to the best of her knowledge, all of the information on the Schedules were prepared by the company accountant according to the company's books and records.

12. The Complaint against Regional Center alleges that "[t]hose Schedules reflect a receivable due to Mapuche from Defendant in the amount of $93,660.40 . . . ." To the best of Mrs. He's knowledge, information, and belief, and based in part upon further investigation following the filing of the Complaint, this amount reflects not a single line item but seventeen (17) separate payments made between December 17, 2010, to June 4, 2014, by Debtor Mapuche, LLC related to the EB-5 offering related the 321 North EB-5 Offering. Those payments (hereinafter, the "**Mapuche EB-5 Payments**") were as follows and were in exchange for obligations directly incurred by Mapuche or another debtor being administered by the Trustee.

13. Mrs. He believes the categorization of the Mapuche EB-5 Payments as a loan from Mapuche, LLC to the Regional Center was an accounting mistake.

14. The date range of the Mapuche EB-5 Payments all pre-date Mrs. He's active involvement with Silver Seas and Regional Center.

15. Rather than listing the $93,660.40 Mapuche EB-5 Payments as a loan, they should have been characterized as payments made by Mapuche, LLC toward its own efforts and debts to advance obtaining investments on the Project's EB-5 offering.

16. Regarding the transfers sought to be avoided against Silver Seas, Mrs. He notes that all payments made to Silver Seas were similarly made to benefit the Project by advancing the debtors' efforts to obtain EB-5 investments. Therefore, Mrs. He believes the debtors received reasonably equivalent value for all such payments at the time they were made.

17. Further, Mrs. He never received any compensation or distributions for any management role or membership interest she possessed related to Siler Seas or, indirectly, Regional Center.

18. Mrs. He files this Verified Response solely in her individual capacity.

## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct. Executed on November 17, 2016.

_____
Grace He

Respectfully submitted,

/s/ Scott A. Underwood
Scott A. Underwood, FBN 0730041
Buchanan Ingersoll & Rooney PC
SunTrust Financial Centre
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Fax: (813) 222-8189
Email: scott.underwood@bipc.com
Attorneys for Grace He

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2016 a true and accurate copy of the above and foregoing has been furnished to those parties registered to receive service via CM/ECF.

/s/ Scott A. Underwood
Scott A. Underwood, FBN 0730041

4845-9462-6365, v. 1

6